McAvoy, J.
The defendant appeals from a judgment of conviction entered upon Ms plea of guilty to a charge of driving while intoxicated, in the Police Court in the Village of Endicott, New York.
The alleged offense occurred on the night of July 23, 1948. According to the return, he was arraigned the following morning and advised of his right to counsel and all other rights pursuant to the statute. He thereupon waived his right to counsel and plead guilty. The return shows that within two or three minutes after he entered his plea of guilty the defendant fainted. He was unconscious for several minutes and a physician was called to revive him. Shortly after he regained consciousness sentence was passed.
The appellant now asks for a reversal of the judgment of conviction and an opportunity to withdraw his plea of guilty and for permission to enter a plea of not guilty to the charge. It is his contention that at the time his plea was entered he was in such a state of mental confusion as not to fully comprehend the nature of his act. It is not unreasonable to assume that a person who lapses into a state of unconsciousness within a period of two or three minutes after he enters a plea of guilty was actually in such a confused mental state as to be incapable of acting freely and with a clear understanding.
Under such circumstances where there is any reasonable ground to conclude that a defendant’s plea of guilty to a crime might have been entered other than freely and voluntarily and with a clear understanding of what he was about to do, the court in the furtherance of justice should allow such plea to be withdrawn. No harm can result from affording the accused an opportunity to have his day in court and a hearing upon the merits.
The judgment of conviction is reversed for error of law and the case remitted to the trial court with leave to the defendant to withdraw his plea of guilty.